MARCH v. WYCOFF, CHURCH & PARTRIDGE.

(Supreme Court, Appellate Term.   June 30, 1908.)

EVIDENCE—SECONDARY EVIDENCE—LETTERS.

> In an action for alleged breach of warranty, it appeared that on a certain date plaintiff wrote defendants, stating the conditions under which he would accept the goods in question, and defendants claimed that plaintiff accepted them under the contract made by defendants' acceptance of plaintiff's offer. It was shown that a letter in answer to plaintiff's offer was delivered to plaintiff by defendants' agent; but plaintiff did not produce defendants' original letter, though called on to do so, and claimed that he did not remember its contents. *Held*, that a copy of the letter was admissible in evidence.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James E. March against Wycoff, Church & Partridge. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Samuel S. Slater, for appellants.

Alfred E. Ommen, for respondent.

PER CURIAM. This action was brought to recover damages for the breach of an alleged warranty. The plaintiff purchased two automobiles from the defendant. A dispute arose between the parties, and the plaintiff refused to accept the automobiles. On May 28, 1907, he wrote the defendants a letter, stating the conditions under which he would accept the cars. The plaintiff bases his right to recover in this action upon an alleged oral warranty made at this time by the agent of the defendants. Upon the trial the defendants claimed that the automobiles were accepted by the plaintiff under a written contract, consisting of the plaintiff's letter of May 28, 1907, and their reply to it. The plaintiff did not produce the defendants' original letter, although called upon to do so. He answered, "I do not remember," to all questions put to him in reference to this letter. The agent of the defendant testified to having seen the defendants' answer to this letter written. The court excluded a copy of this letter although the defendants offered to show that their agent delivered this letter to the plaintiff.

The exclusion of this letter was clearly error, which calls for the reversal of this judgment. If the letter was delivered to the plaintiff, and was an acceptance of the proposition contained in his letter of May 28th, it established a complete written contract between the parties. The objections of the defendants urged to the reception in evidence of the alleged conversations which the plaintiff claimed he had

with the agent were improperly overruled. There are other questions raised by this appeal; but, as there must be a new trial for the reason above stated, we think it best not to discuss them at this time.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.